IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) SMILE BRANDS OF TEXAS L.P. f/k/a ) BRIGHT NOW! DENTAL ASSOCIATES, L.P. ) d/b/a MONARCH DENTAL ASSOCIATES, L.P. ) ) ) ) Defendant. ) ) | CIVIL ACTION NO. **COMPLAINT** JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide relief to Deanna Chaney and Jan Pawelek. The Commission alleges that Defendant, Smile Brands, Inc., formerly known as Bright Now! Dental Inc., d/b/a Monarch Dental Associates (hereafter "Defendant"), violated Title VII by subjecting Deanna Chaney and Jan Pawelek to a sexually hostile work environment based upon their sex, Female.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ( "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of Burleson, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Deanna Chaney and Jan Pawelek filed charges with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2007, the Defendant has engaged in unlawful employment practices at its Burleson location in Texas, in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Jan Pawelek to a sexually hostile work

environment. The EEOC alleges that Lead Dentist David Mikitka began subjecting Pawelek to unwanted sexual conduct shortly after she began working as a Dental Assistant in Defendant's Burleson office in July 2007. The unwanted sexual conduct occurred throughout Pawelek's employment with Defendant and included, but was not limited to, incidents where Mikitka directed unwanted sexual comments to her, touched her in a sexual manner, and made sexual comments about female patients. When efforts to have Mikitka stop were unavailing, Pawelek complained to members of management about Mikitka's harassment, but Defendant failed to prevent or correct the unwelcome sexual harassment.

8.   Since at least October 2008, the Defendant has engaged in unlawful employment practices at its Burleson location in Texas, in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Deanna Chaney to a sexually hostile work environment. The EEOC alleges that Lead Dentist Mikitka began subjecting Chaney to unwanted sexual conduct shortly after she began working as a Dental Hygienist in Defendant's Burleson office in October 2008. The unwanted sexual conduct occurred throughout Chaney's employment with Defendant and included, but was not limited to, incidents where Mikitka talked about sex, directed unwanted sexual comments towards her, touched her in a sexual manner, attempted to kiss her, and made sexual comments about female patients. Chaney repeatedly told Mikitka to stop his unwanted sexual conduct, but he ignored her multiple requests. Chaney complained to members of management about Mikitka's harassment, but Defendant failed to prevent or correct the unwelcome sexual harassment.

9.   The result of the foregoing practices has been to deprive Deanna Chaney and Jan Pawelek of equal employment opportunities because of their sex.

10.   The unlawful employment practices complained of in paragraphs 7 and 8 above

were intentional.

11.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Deanna Chaney and Jan Pawelek.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, or which facilitates, condones or encourages employees to create a sexually hostile environment.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Deanna Chaney and Jan Pawelek and eradicate the effects of its past and present unlawful unemployment practices.

4

    C.    Order the Defendant to make whole Deanna Chaney and Jan Pawelek by providing appropriate pecuniary damages, including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

    D.    Order the Defendant to make whole Deanna Chaney and Jan Pawelek by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

    E.    Order the Defendant to pay Deanna Chaney and Jan Pawelek punitive damages for its malicious conduct or reckless indifference described in paragraphs 7, 8, and 11 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    GWENDOLYN Y. REAMS
    Associate General Counsel

    /s/ Robert A. Canino
    ROBERT A. CANINO
    Regional Attorney

        Oklahoma State Bar No. 011782

        /s/ Toby W. Costas
        TOBY W. COSTAS
        Supervisory Trial Attorney
        Texas State Bar No. 04855720

        /s/ Devika Seth
        DEVIKA SETH
        Senior Trial Attorney
        District of Columbia Bar No.  975161

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Dallas District Office
        207 South Houston Street, 3rd Floor
        Dallas, Texas 75202
        (TEL)  (214) 253-2764
        (FAX) (214) 253-274